**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. SMITH, JR., <br><br>   Plaintiff, <br><br>   v. <br><br> A. K. SCRIBNER, et al., <br><br>   Defendants. | CASE NO. 1:08-cv-00048-LJO-DLB (PC) <br><br> FINDINGS and RECOMMENDATIONS THAT FIRST AMENDED COMPLAINT BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM <br><br> (Doc. 10) |

**I.    Screening Order**

Plaintiff James R. Smith, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his original complaint on January 10, 2008.  (Doc. 1.)  The Court dismissed Plaintiff's original complaint with leave to amend on November 21, 2008.  (Doc. 9.)  Plaintiff filed his first amended complaint on January 9, 2009.  (Doc. 10.)  Plaintiff's first amended complaint is presently before the Court for screening.  Plaintiff consented to jurisdiction by a U.S. Magistrate Judge.  (Doc. 8.)

**A.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

1

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.   Summary of Plaintiff's Complaint**

Plaintiff is currently a state prisoner at Ironwood State Prison in Blythe, California. Plaintiff was formerly imprisoned at Corcoran State Prison ("CSP"), where the acts he complains of occurred. Plaintiff names as defendants: Warden A. K. Scribner; former Chief Deputy Warden -Operations V. Yamamoto; and Inmate Appeals Coordinator John Doe. All are being sued in their official capacity. (Doc. 10, pp. 16:17-18:2.)

1          Plaintiff alleges the following.  On May 7, 2003, The U.S. District Court for the Southern
2 District of California denied Plaintiff's writ of habeas corpus. (Doc. 10, p. 3.)  Plaintiff
3 experienced numerous lock-downs or modified programs while incarcerated at CSP-Corcoran.
4 (Id., p. 4:11-12.)  Plaintiff was often not allowed any access to the law library or legal research
5 material, though he had received Priority Legal User ("PLU") status.  (Id., p. 4:11-19.)  On
6 August 15, 2003, Plaintiff notified Warden Scribner via notice and institutional appeal form
7 CDC-602 of potential constitutional violations and requested more access to the law library, legal
8 envelopes, and a functional copier.  (Id., p. 5:4-26.)  Plaintiff requested that this be processed as
9 an emergency appeal.  (Id., p.5:28-6:9.)  On September 29, 2003, the Ninth Circuit denied
10 Plaintiff's certificate of appealability.  (Id., p. 6:15-17.)  On October 22, 2003, Plaintiff's inmate
11 appeal was partially granted as to the envelopes and a fixed copier, but denied as to a minimum
12 of 10 hours per week of access to the law library.  (Id., p.6:19-28.)  Plaintiff received
13 substantially less than ten hours per week of physical access.  (Id., p. 7:4-6.)  Plaintiff filed a
14 motion to reconsider with the Ninth Circuit.  (Id., p. 20-27.)  After the Ninth Circuit failed to
15 reconsider its decision, Plaintiff filed a writ of certiorari to the United States Supreme Court, but
16 asked for an extension of time to properly prepare.  (Id., p. 8:20-9:6.)  This was granted, and
17 Plaintiff had until January 26, 2004. (Id., p. 9:8-11.)

18          Plaintiff appealed his 602 grievance to the second level of review.  Defendant Yamamoto
19 denied Plaintiff's appeal on December 23, 2003, stating that PLU inmates already received
20 paging services.  (Id., p. 8:13-9:6.)  Plaintiff did not meet the deadline for filing his writ of
21 certiorari with the United States Supreme Court.  (Id., p. 10:11-14.)  Plaintiff applied for a
22 second extension of time from the United States Supreme Court, which was denied.  (Id., p.
23 10:16-18.)  On April 22, 2004, Plaintiff's 602 appeal was denied at the Director's level.  (Id., p.
24 11:17-23.)

25          Plaintiff seeks injunctive relief and monetary damages.  The Court notes that state
26 officials sued in their official capacity for injunctive relief are persons for purposes of § 1983,
27 Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989), but are not persons for purposes of §
28

1983 if sued for damages, see Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007).

### C.     Plaintiff's Claims

#### 1. *Access to the Courts*

Plaintiff alleges that Warden Scribner and Deputy Warden Yamamoto failed to allow him adequate access to the law library, thus affecting his access to the courts. (Doc. 10, pp. 12:21-13:6.) Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S. Ct. 2174, 2177 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354, 2181-82. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S. Ct. 2179, 2185-87 (2002). For backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007) (*vacated on other grounds by* Pearson v. Callahan, No. 07-751, slip op. 13 (U.S. Jan. 21, 2009) ;2009 U.S. Lexis 591; 2009 WL 128768).

Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. However, actual law libraries may be replaced "with some minimal access to legal advice and a system of court-provided forms such as those that contained the original complaints in two of the more significant inmate-initiated cases in recent years ... and ... forms that asked the inmates to provide only the facts and not to attempt any legal analysis." (Citations omitted.) Id. at 352. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.

at 351.

The right of access to the courts is more concerned with the initial filing of a petition or claim than with discretionary appellate review.  See Bounds v. Smith, 430 U.S. 816, 827 (1977) (*limited in part on other grounds by* Lewis, 518 U.S. at 354) ("[W]e are concerned in large part with original actions seeking new trials, release from confinement, or vindication of fundamental civil rights.  Rather than presenting claims that have been passed on by two courts, they frequently raise heretofore unlitigated issues.")   The Ninth Circuit has limited the right of access to the courts as a right to bring complaints or petitions to federal court, not a right to litigate them effectively once filed with a court.  See Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995) ("[W]e conclude the Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action.") Thus, there is no constitutional requirement that any legal assistance be provided to prisoners seeking discretionary appellate review.  This is especially appropriate in the habeas context, where the Ninth Circuit reviews de novo the decisions of a district court.  Arredondo v. Ortiz, 365 F.3d 778, 781 (9th Cir. 2004).

Plaintiff fails to state a constitutional cognizable claim for denial of access to the courts.  Plaintiff's claims regarding his access to the courts concerns alleged interference with his ability to file appeals with the Ninth Circuit and the United States Supreme Court.  Even if defendants Yamamoto and Scribner had impeded Plaintiff's ability to file his appeal by limiting his access to the prison law library, their actions do not rise to the level of a denial of Plaintiff's right to access the courts.  Plaintiff thus fails to state a cognizable access to the courts claim under section 1983.

**2.  *Due Process***

Plaintiff alleges that Inmate Appeals Coordinator John Doe failed to process Plaintiff's institutional appeal as an emergency appeal, thus violating Plaintiff's due process right.  (Doc. 10, p. 12:21-27.)  Plaintiff also alleges due process violations by defendants Scribner and Yamamoto.  (Id., p. 13:1-19.)

The Due Process Clause protects prisoners from being deprived of liberty without due

process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Plaintiff's allegations do not rise to the level of a due process violation. Plaintiff fails to establish a liberty interest in a grievance procedure. Defendants' alleged failure to process Plaintiff's 602 appeal as an emergency appeal does not implicate the Due Process Clause of the Fourteenth Amendment. Plaintiff thus fails to state a cognizable due process claim under section 1983.

### 3. *Equal Protection*

Plaintiff alleges a violation of the Equal Protection Clause. (Doc. 10, pp. 13:21-14:6.)

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668,

686 (9th Cir.2001).  Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that:  (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.   If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley,  375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

Plaintiff has alleged no facts demonstrating an intentional difference of treatment by Defendants.  Plaintiff thus fails to state a cognizable Equal Protection claim under section 1983.

**IV.    Conclusion**

Plaintiff states no cognizable claims under section 1983.  The Court had provided Plaintiff leave to amend in order to cure the deficiencies identified in his original complaint.  The Court finds that Plaintiff will be unable to cure these deficiencies if granted leave to amend. Accordingly, the Court RECOMMENDS that Plaintiff's amended complaint, filed on January 9, 2009, be DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may

1  file written objections with the Court.  The document should be captioned "Objections to
2  Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file
3  objections within the specified time may waive the right to appeal the District Court's order.
4  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6     IT IS SO ORDERED.
7     **Dated:   February 17, 2009**      **/s/ Dennis L. Beck**
                                                     UNITED STATES MAGISTRATE JUDGE